## ANTUS v. INTEROCEAN S. S. CO.
### No. 8116.

Circuit Court of Appeals, Sixth Circuit.
Dec. 12, 1939.

S. Eldridge Sampliner, of Cleveland, Ohio, for appellant.

Russell V. Bleecker, of Cleveland, Ohio, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The question presented by this appeal is whether appellant is entitled to recover for personal injury under the Jones Act, Title 46, § 688, U.S.C., 46 U.S.C.A. § 688. The District Court held that appellant's remedy was under the Longshoremen's and Harbor Workers' Compensation Act, Title 33, § 901 et seq., U.S.C., 33 U.S.C.A. § 901 et seq., and dismissed the bill.

The facts are not in dispute. Appellant had been a member of the ship's crew of the steamer James E. Davidson during the navigation season of 1936 on the Great Lakes. On December 1 of that year the vessel put in at Lorain, Ohio, and upon December 21, 1936, the date of the injury, it had been withdrawn from navigation. All of the navigating officers and deck crew of the vessel had departed for the winter excepting certain members of the engineer's department, including appellant. All of these men had formerly been members of the crew, but had been paid off after the last trip and had remained on board, in accord with the general practice on the lakes, for the purpose of laying up the vessel. During the navigation season they had been paid on a monthly basis, but in the laying-up work they were paid by the hour, their rate of compensation, however, being the same.

The officer in charge of the work ordered appellant to clean the bilges. No shovel was furnished, so appellant had to work with his hands. A steel splinter ran into his finger, and infection resulted. At the time of the accident appellant's work consisted of overhauling the engines, removing bolts from cylinder-heads and chests, cleaning bilges, and performing similar operations, all of which the District Court held had a direct relation to navigation and commerce.

The District Court found that no crew was aboard the vessel on December 21, 1936; that appellant when injured was engaged in work which did not subject him to the perils of a seaman's occupation, and that he was at that time neither a seaman nor a member of the crew.

The pertinent portions of the Jones Act, Title 46, § 688, U.S.C., 46 U.S.C.A. § 688, read as follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *."

Seaman is defined in Title 46, § 713, U.S. C., 46 U.S.C.A. § 713, as follows:

"* * * every person (apprentices excepted) who shall be employed or engaged

to serve in any capacity on board the same [vessel] shall be deemed and taken to be a 'seaman'; and the term 'vessel' shall be understood to comprehend every description of vessel navigating on any sea or channel, lake or river, to which the provisions of this chapter may be applicable."

We think the initial question is not whether appellant was a member of the crew, but whether he was a seaman. Section 688 does not require the plaintiff in actions under the Jones Act to be a member of a crew. It is true that the Longshoremen's Act (Title 33, § 901 et seq., U. S.C., 33 U.S.C.A. § 901 et seq.), excludes members of the crew, hence if appellant was a member of the crew at the time of the accident he has no remedy under that section. Taylor v. McManigal, 6 Cir., 89 F.2d 583, 585. But the Jones Act applies only to seamen, and even if it be the fact that appellant was not a member of the crew at the time of the accident, he would not necessarily be precluded from maintaining an action under the Jones Act, which only requires that he be a seaman.

Warner, Adm'x, v. Goltra, 293 U.S. 155, 157, 55 S.Ct. 46, 47, 79 L.Ed. 254, defines "seaman" in these words: "In a broad sense, a seaman is a mariner of any degree, one who lives his life upon the sea. It is enough that what he does affects 'the operation and welfare of the ship when she is upon a voyage.' The Buena Ventura (D.C.) 243 F. 797, 799." In the latter case, where a wireless operator was held to be a seaman, the court said, "a man who serves the ship as the result of a contractual engagement of any kind, and serves her in her navigation, is a member of the crew and entitled to the privileges of a seaman." [243 F. 800.]

Under this statute (Title 46, § 688, U.S.C., 46 U.S.C.A. § 688), stevedores engaged in the maritime work of stowing cargo are seamen. International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S. Ct. 19, 71 L.Ed. 157. Clearly if appellant at the time of the accident had been engaged in maritime work he would have been a seaman within the provisions of the statute.

But the question is whether at the time of the accident he was engaged in maritime work, and the test is the nature of his employment at the time. While the work done had direct relation to navigation, it neither was performed during the navigation season, nor was it even preparatory to navigation. Appellant was laying up the engine and packing the pumps and seacocks so that they would not freeze. He was taking bolts out of the piston-heads, an operation which was never done during navigation. It would have taken from four to eight hours to put the engines together again to operate. The vessel, while not consigned to a ship's graveyard, was tied up to the piles. Instead of doing this work in preparation for navigation, the men were preparing the vessel for winter quarters. Appellant was not subjected to any maritime hazards. The fact that he had been, or expected in the future to be, a seaman does not render maritime work which was not maritime in its nature. The finding of the District Court upon this point was correct, and appellant was not at the time of his injury a seaman. Therefore he was not entitled to sue under section 688 of Title 46, U.S.C., 46 U.S.C.A. § 688.

Neither was appellant at the time of the injury a member of the crew. In Taylor v. McManigal, supra, the court said [89 F.2d 585]:

"The most that may be said is that he [appellant], with the other men working on the boat, expected to become members of the crew when it was organized and when the vessel was ready to sail."

There, as in the instant case, appellant was not at the time of the accident a member of the ship's crew which mans and navigates the vessel, for no crew was on board. Diomede v. Lowe, 2 Cir., 87 F.2d 296; De Wald v. Baltimore & Ohio R. Co., 4 Cir., 71 F.2d 810; T. J. Moss Tie Co. v. Tanner, 5 Cir., 44 F.2d 928. Appellant's remedy, therefore, was under Title 33, § 901 et seq., U.S.C., 33 U.S.C.A. § 901 et seq.; South Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522.

The judgment is affirmed.