## DESPER, ADMINISTRATRIX, *v.* STARVED ROCK FERRY CO.

No. 231. Argued December 6, 1951.—Decided January 2, 1952.

*Joseph D. Ryan* argued the cause and filed a brief for petitioner.

*Charles T. Shanner* argued the cause for respondent. With him on the brief was *Charles Wolff*.

Mr. Justice Jackson delivered the opinion of the Court.

Petitioner brought suit under the Jones Act [1] to recover damages for the death of her intestate son from injuries sustained during the course of his employment by respondent. The Court of Appeals for the Seventh Circuit reversed the judgment of the District Court entered on a jury's verdict in petitioner's favor.[2] This Court granted certiorari.[3]

Respondent operates a small fleet of sightseeing motorboats on the Illinois River in the vicinity of Starved Rock. The boats are navigated under Coast Guard regulations by personnel licensed by the Department of Commerce. Operations are necessarily restricted to summer months. Each fall the boats are beached and put up on blocks for the winter. In the spring each is overhauled before being launched for the season. The decedent, Thomas J. Desper, Jr., was first employed by respondent in April, 1947, to help prepare the boats for their seasonal launching. In June of the same year he acquired the necessary operator's license from the Department of Commerce and, for the remainder of that season, he was employed as a boat operator. When the season closed, he helped take the boats out of the water and block them up for the winter. His employment terminated December 19, 1947.

Desper was re-employed March 15, 1948. There was testimony that he was then engaged for the season and was to resume his operator's duties when the boats were back in the water. For the time being, however, he was put to cleaning, painting, and waterproofing the boats, preparing them for navigation. On the date of the acci-

---

[1] 38 Stat. 1185, 41 Stat. 1007, 46 U. S. C. § 688.

[2] 188 F. 2d 177.

[3] 342 U. S. 847.

dent, April 26th, the boats were still blocked up on land. Several men, Desper among them, were on board a moored barge, maintained by respondent as a machine shop, warehouse, waiting room and ticket office, engaged in painting life preservers for use on the boats. One man was working on a fire extinguisher. It exploded, killing him and Desper.

The Jones Act confers a cause of action on "any seaman." [4] In opposition to petitioner's suit under the Act, respondent contended that Desper, at the time of his death, was not a "seaman" within the meaning of the Act. Whether he was such a "seaman" is the critical issue in the case which reached this Court.

Petitioner contends that the 1939 Amendment to the Federal Employers' Liability Act [5] extended the scope of the word "seaman," as used in the Jones Act, to include those whose work "substantially affects" navigation. The Amendment provides that:

"Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way

---

[4] 38 Stat. 1185, 41 Stat. 1007, 46 U. S. C. § 688, entitled "Recovery for injury to or death of seaman" provides that:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

[5] 53 Stat. 1404, 45 U. S. C. § 51.

directly or closely and substantially, affect such commerce as above set forth shall . . . be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter."

Petitioner reads with that Amendment the provision of the Jones Act that statutes "modifying or extending the common-law right or remedy in cases of personal injury to railway employees" shall apply in a seaman's action. We agree with the court below that the Amendment has no effect on the "right or remedy" of railway employees but merely redefines for the purposes of the Federal Employers' Liability Act the scope of the word "employee" to include certain persons not theretofore covered, because they were not directly engaged in interstate or foreign commerce. It does not extend the meaning of "seaman" in the Jones Act to include one who was not a "seaman" before. Seamen were given the rights of railway employees by the Jones Act, but the definition of "seaman" was never made dependent on the meaning of "employee" as used in legislation applicable to railroads.

The next question is whether, without reference to this 1939 Amendment, decedent was a "seaman" at the time of his death. The many cases turning upon the question whether an individual was a "seaman" demonstrate that the matter depends largely on the facts of the particular case and the activity in which he was engaged at the time of injury. The facts in this case are unique. The work in which the decedent was engaged at the time of his death quite clearly was not that usually done by a "seaman." The boats were not afloat and had neither captain nor crew. They were undergoing seasonal repairs, the work being of the kind that, in the case of larger vessels, would customarily be done by exclusively shore-based personnel. For a number of reasons the ships might not be launched, or he might not operate one. To be sure,

he was a probable navigator in the near future, but the law does not cover probable or expectant seamen but seamen in being. It is our conclusion that while engaged in such seasonal repair work Desper was not a "seaman" within the purview of the Jones Act. The distinct nature of the work is emphasized by the fact that there was no vessel engaged in navigation at the time of the decedent's death. All had been "laid up for the winter." *Hawn* v. *American S. S. Co.*, 107 F. 2d 999, 1000 (C. A. 2d Cir.); cf. *Seneca Washed Gravel Corp.* v. *McManigal*, 65 F. 2d 779, 780 (C. A. 2d Cir.). In the words of the court in *Antus* v. *Interocean S. S. Co.*, 108 F. 2d 185, 187 (C. A. 6th Cir.), where it was held that one who had been a member of a ship's crew and was injured while preparing it for winter quarters could not maintain a Jones Act suit for his injuries: "The fact that he had been, or expected in the future to be, a seaman does not render maritime work which was not maritime in its nature."

Both petitioner and respondent filed applications with the Industrial Commission of Illinois seeking the benefits provided by the Workmen's Compensation Act of that State. The Commission rendered an award in petitioner's favor, but she states that she has taken an appeal to the appropriate state court on the ground that the Commission was "without jurisdiction." She does not specify why she thinks so, but we surmise that her reason is to avoid conflict with her contention that exclusive jurisdiction in the premises is vested in the federal courts by the Jones Act. We do not understand her to have taken the position that if the Jones Act is not applicable the Longshoremen's and Harbor Workers' Compensation Act [6] is, and that the state Commission, therefore, is without jurisdiction in any event. The question of the applicability of the Longshoremen's Act

---

[6] 44 Stat. 1424 as amended, 33 U. S. C. § 901 *et seq.*

does not appear from the record to have been raised by either party in the courts below.[7] Neither has raised it in this Court. We, therefore, find it inappropriate to resolve the conflict, if any, between the Illinois Compensation Act and the Longshoremen's and Harbor Workers' Compensation Act. Cf. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Parker* v. *Motor Boat Sales,* 314 U. S. 244; *Davis* v. *Department of Labor,* 317 U. S. 249.

We think the court below properly disposed of the question presented. Accordingly, its judgment is

*Affirmed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent, ─┘ would affirm the judgment of the District Court.

---

[7] The Court of Appeals, however, in phrasing the question presented in the case, advanced the proposition that if petitioner was not entitled to recovery under the Jones Act she "is restricted to the remedy afforded by the Longshoremen's and Harbor Workers' Compensation Act . . . ." We take that as meaning that petitioner's only *federal* remedy, if she cannot prevail under the Jones Act, is in the Longshoremen's Act. It was not intended to decide whether she could proceed under the state compensation act.