## DEFIORE v. AMERICAN STEAMSHIP CO.

Civ. 5031.

United States District Court
W. D. New York.

Oct. 20, 1952.

S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

Richards & Coffey, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

This action has been submitted to the court, without a jury, upon a written stipulation of facts.

From the stipulation of facts it appears: That plaintiff was employed as watchman on the Steamer Thunder Bay Quarries, a merchant steam vessel of more than 20 tons, owned by defendant; that the steamer had in excess of a full complement of 26 officers and men, all of whom had signed articles of employment on May 8 and 9, 1950, and were thereafter living aboard the vessel; that the vessel was inspected by U. S. Coast Guard, Marine Inspection Service, on May 16, 1950, and certificate issued dated May 24, 1950, showing vessel to be in conformity with the pertinent laws, rules and regulations; that on May 16, 1950, the vessel lay afloat in Detroit River adjacent to the dock of the Great Lakes Engineering Works, with steam up on all boilers, and fully manned, equipped and ready to engage in commerce and navigation which it began on May 18, 1950, with plaintiff as one of the crew; that plaintiff commenced the performance of his duties as watchman on May 9, 1950, and held a license or document issued by the Coast Guard for such employment; that upon signing of the articles each member of the crew was subject to discipline and entitled to be paid the same as during the sailing season; that on May 16, 1950, plaintiff was injured while in the performance of his normal duties aboard said vessel. The nature and extent of plaintiff's injuries do not need to be recited.

The question is whether, upon the facts, plaintiff was a seaman and entitled to the

benefits of the Jones Act, 46 U.S.C.A. § 688. A seaman, in relation to a vessel, is defined as follows: "every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman'". 46 U.S.C.A. § 713.

In view of the opinion in Desper v. Starved Rock Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205, that decedent was not a seaman, the parties are alarmed as to the exact status of plaintiff, i. e., whether he was a seaman at the time of his injury. Mr. Justice Jackson in delivering the opinion of the court in the Desper case recited the facts that Desper completed and terminated his employment in December, 1947. From June until the termination of his employment decedent had been a boat operator and when the season closed the sightseeing motor boats were taken out of the water and blocked up for the winter. He was re-employed March 15, 1948, and was put to work making the boats ready for navigation. On the date of the accident the boats were still blocked up. "The boats were not afloat and had neither captain nor crew. * * * the ships might not be launched, or he (decedent) might not operate one. To be sure, he was a probable navigator in the near future, but the law does not cover probable or expectant seamen but seamen in being." 342 U.S. at pages 190–191, 72 S.Ct. at page 218.

In Antus v. Interocean S. S. Co., 6 Cir., 108 F.2d 185, 187, cited in Desper v. Starved Rock Ferry Co., supra, the distinction between the present and the last cited case is shown. The court in referring to Taylor v. McManigal, 6 Cir., 89 F.2d 583, 585, said: "There, as in the instant case, appellant was not at the time of the accident a member of the ship's crew which mans and navigates the vessel, for *no crew was on board.*" (Italics mine.)

In the present case, plaintiff was a seaman at the time of his injury and is entitled to the benefits of the Jones Act.

An order may be presented accordingly.