**The Libel of the late James M. NELSON by Clifton Nelson, Administrator, Appellant,**

v.

**GREENE LINE STEAMERS, Inc., Owner of THE Steamer, DELTA QUEEN, Appellee.**

**No. 13346.**

United States Court of Appeals
Sixth Circuit.

May 14, 1958.

**32**

W. Scott Miller, Jr., and D. H. Robinson, Louisville, Ky., for appellant.

Joseph E. Stopher, Louisville, Ky. (A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on the brief), for appellee.

Before McALLISTER and MILLER, Circuit Judges, and CECIL, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action was filed in the District Court by the Administrator of James M. Nelson to recover damages by reason of the death of Nelson while working on the vessel, Delta Queen, which was owned and operated by the appellee, Greene Line Steamers, Inc.

The basic facts are as follows. The vessel, Delta Queen, was an excursion steamer on the Ohio, Mississippi and Tennessee Rivers. It made its last trip of the regular 1953 excursion season in the early part of November, 1953, following which, in accordance with the usual custom, it was tied up for the winter at the wharf of the appellee at Cincinnati, Ohio. The next trip for the Delta Queen was the Mardi Gras trip about the last of February or the first of March. During the regular excursion season Nelson was employed as a deck hand and carpenter's

helper. He was paid a daily rate, ate and slept on the boat, and was subject to the command of either the First or Second Mate. When the vessel was tied up for the winter Nelson and some other members of the crew were employed under the classification of laborers for the purpose of making necessary repairs to the vessel and getting her ready for the following season. While doing this work he was paid on an hourly basis, was not required to sleep on the boat, although he was permitted to do so, and his immediate superior was the Captain. After the boat was tied up the appellee only had on the boat such persons as could be used to ready the ship for use the following spring. The full crew was not retained. The pilots were not on board, nor the steward's crew or maids, nor all of the deck hands, cooks, chefs or pantry men. The engineers and their helpers were on board making repairs on the machinery and boilers. On November 18, 1953, while the Delta Queen was tied up, Nelson, under the supervision and direction of the Captain, was working on the paddle wheel chipping rust off the fantail and off the paddle wheel preparatory to painting. He fell into the Ohio River and drowned.

The action was styled as a Libel in Admiralty but set out two separate alleged causes of action. The first cause of action proceeded in Admiralty and alleged that Nelson was employed as a seaman on the Delta Queen and that his death was caused by the negligence of the appellee in failing to furnish him a reasonably safe place in which to work and by the unseaworthiness of the vessel. The second cause of action proceeded under the provisions of Section 688, Title 46 U.S. C.A., usually referred to as the Jones Act. It alleged that the Delta Queen was engaged in navigation, that Nelson was a seaman on the Delta Queen engaged in aiding in said navigation and that, by reason of the appellee's negligence in not providing Nelson a safe place in which to work and by reason of the vessel being unseaworthy, Nelson was caused to fall

into the Ohio River and drown. Appellee's answer denied the material allegations of the libel, including the allegations that Nelson was a seaman on the Delta Queen and that the Delta Queen was engaged in navigation. Thereafter, appellee filed a motion to dismiss the libel for lack of jurisdiction on the ground that the pleadings and depositions and the entire record showed that any remedy or recovery to which the libelant, under any circumstances, might be entitled would come under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, Section 901 et seq., Title 33 U.S.C.A. The District Judge considered this question upon the record, consisting of the deposition of the Captain of the Delta Queen on the date of Nelson's death, depositions of several fellow employees of Nelson and various requests for admissions, answers to interrogatories and exhibits.

The District Judge filed findings of fact substantially as hereinabove stated and with the additional findings that the Delta Queen was withdrawn from navigation from November 11, 1953, until February 10, 1954; that on November 18, 1953, the day of the accident, the Delta Queen was not engaged in navigation and the work being performed by Nelson was work not maritime in nature, nor was Nelson aboard to aid in navigation; and that while Nelson was engaged in such work he was not a seaman within the purview of the Jones Act. He made conclusions of law that the cause could not be maintained in Admiralty or under the Jones Act, and entered a judgment dismissing the action for want of jurisdiction. The present appeal seeks to reverse that ruling.

In an action by an injured employee to recover damages under the Jones Act, the test to be applied in determining whether the employee is a "seaman" within the meaning of the Act is (1) that the vessel be in navigation, (2) that there be more or less permanent connection with the vessel, and (3), that the worker be aboard primarily to aid in

navigation. Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 202 F.2d 383, 388; McKie v. Diamond Marine Co., 5 Cir., 204 F.2d 132, 136. This is a matter depending largely upon the facts of the particular case. Desper v. Starved Rock Ferry Co., 342 U.S. 187, 190, 72 S.Ct. 216, 96 L.Ed. 205; Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 374, 77 S.Ct. 415, 1 L.Ed.2d 404. Compare: South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 257–258, 60 S.Ct. 544, 84 L.Ed. 732. If the findings of the District Judge that the Delta Queen was not in navigation and that Nelson was not aboard to aid in navigation are accepted by us, it follows as a necessary conclusion that Nelson was not a seaman and the action could not be maintained.

■ A troublesome question in this case is one of procedure. If this action was exclusively a Libel in Admiralty, the cause would be heard without a jury. However, the so-called "libel" also contained a cause of action expressly based upon the Jones Act. The Jones Act provides that in case of the death of any seaman, the personal representative of such seaman "may maintain an action for damages at law with the right of trial by jury." Obviously, on this alleged cause of action the appellant has not received a trial by jury. However, we are of the opinion that the right of trial by jury was waived. Rule 38(b) and (d), Rules of Civil Procedure, 28 U.S.C.A. Accordingly, under either of the two alleged causes of action, the District Judge was authorized to hear and decide the case without a jury.

The question remains whether the appellant received a hearing upon the merits, to which he was entitled. Technically, the case was decided upon a motion to dismiss for lack of jurisdiction. But, unlike the usual motion to dismiss, it did not admit the allegation contained in the libel that Nelson was a seaman engaged in aiding in the navigation of the Delta Queen, which, if admitted, would have required that the motion be denied. Appellee's answer had previously denied this allegation, and it clearly appears that appellee recognized in its motion that that issue had to be decided by the evidence offered in order for the Court to rule upon the motion. Actually, the question was not a jurisdictional one, but one involving the merits, namely, whether Nelson was a seaman at the time of the accident. Schantz v. American Dredging Co., 3 Cir., 138 F.2d 534, 536; Hagens v. United Fruit Co., 2 Cir., 135 F.2d 842, 843; McKie v. Diamond Marine Co., supra, 5 Cir., 204 F.2d 132, 136. See: Fireman's Fund Ins. Co. v. Railway Express Agency, 6 Cir., 253 F.2d 780. The merits of the case, however, were decided in a somewhat summary manner, rather than by setting the case for trial in the usual manner and the hearing of evidence in open court.

■ We find no prejudicial error in thus hearing and disposing of the case. Although a factual issue was before the Court, the parties were given full opportunity to present whatever evidence they wished to offer. The procedure adopted was apparently satisfactory to them. There was no additional evidence which either of the parties wanted to present. No request was made for a formal trial. Actually, there was no dispute in the basic facts. The ultimate fact found by the District Judge depended upon the factual conclusion which he drew from such undisputed basic facts, not upon the manner in which such basic facts were presented to him. The record fails to disclose that the appellant did not receive just as complete a hearing and consideration of his claim as he would have received if a formal trial had been held. In any event, it seems fundamental that appellant, after voluntarily submitting this issue to the District Judge in the hope of obtaining a favorable ruling cannot complain thereafter when the ruling went against him that he did not receive the hearing to which he was entitled. See: Metcalf v. United States, 6 Cir., 195 F.2d 213, 216–217; Central Nebraska Public Power & Irriga-

tion District v. Harrison, 8 Cir., 127 F.2d 588, 591; National Labor Relations Board v. American Mfg. Co., Inc., 5 Cir., 132 F.2d 740, 742.

Under this view of the case, we have left for consideration only the question whether the findings of the District Judge are supported by the evidence and are not clearly erroneous. It may be that the conclusion to be drawn from the undisputed facts is so strong as to require a ruling as a matter of law that Nelson was not a seaman. Antus v. Interocean S. S. Co., 6 Cir., 108 F.2d 185; Desper v. Starved Rock Ferry Co., supra, 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205. It is not necessary to go that far. If, under the factual circumstances in this case the ultimate conclusion is one about which reasonable minds could differ, the issue is one for the trier of the facts, be it judge or jury. Gianfala v. Texas Co., 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775, reversing 5 Cir., 222 F.2d 382; Senko v. LaCrosse Drilling Corp., supra, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404; Grimes v. Raymond Concrete Pile Co., 78 S.Ct. 687.

Appellant's reliance upon the Gianfala and Senko cases is misplaced. They did not hold that the employees therein involved were seamen as a matter of law. They held that the issue involved was a question for the jury and that the evidence was sufficient to take the issue to the jury. In neither case did the Court criticise or express any disapproval of its earlier ruling in Desper v. Starved Rock Ferry Co., supra, where under facts somewhat similar to those in the present case, it denied recovery by the claimant.

Keeping in mind the factual situations in the Antus and Desper cases and the discussion of them in the respective opinions, we cannot say that, as a matter of law, Nelson had the necessary status of a seaman or that the findings of the District Judge to the contrary are clearly erroneous or should not be accepted by us on this appeal.

The judgment of the District Court is affirmed.