**Felix BODDEN, Plaintiff,**

v.

**COORDINATED CARIBBEAN TRANSPORT, INC., Defendant.**

**Civ. No. 65–315.**

United States District Court
S. D. Florida.

Dec. 23, 1965.

Arthur Roth Law Offices, Miami, Fla., for plaintiff.

Smathers & Thompson, Miami, Fla., for defendant.

MEHRTENS, District Judge.

This is an action brought under the Jones Act, Title 46 U.S.C.A. § 688, to recover for personal injuries alleged to have been sustained by plaintiff in the course of his employment as a seaman aboard defendant's vessel the M/V "FREIGHT FORWARDER."

The cause came on to be heard upon the motion of defendant for summary judgment. The Court, having heard argument of counsel for both sides, having examined the pleadings, affidavit, interrogatories and answers, and deposition, and having questioned counsel in open court, finds that there is involved between the plaintiff and defendant no genuine issue as to the following facts:

1. On March 3, 1964, the M/V "FREIGHT FORWARDER" was taken out of service and laid up at Jones Boat Yard in Miami, Florida. At that time all of the compartments of said vessel were thoroughly cleaned and secured. All equipment was preserved and secured. The machinery was cleaned and preserved, and the crew was paid off.

2. From March 3, 1964 to November 11, 1964, the vessel was laid up at Jones Boat Yard without crew and had been withdrawn from service and had at no time employed a crew or been engaged in navigation. On November 11, 1964, because two other vessels operated by defendant, which were in service and in navigation, were due for annual drydocking, the defendant decided to reactivate the M/V "FREIGHT FORWARDER" and put her in service. The defendant on that date engaged the necessary personnel, including plaintiff, to examine, repair and put into operating condition the hull, engines and machinery of the vessel. This included, among other things, the removal of cylinders on the main and auxiliary machinery to renew defective ring seals. The work was completed and the vessel was ready for service on December 7, 1964, and actually went back into service and navigation one or two days thereafter.

3. The injury complained of in this case occurred on or about December 4,

1964, while the plaintiff was assisting in removing a piston from the main engine, but at least four days prior to the time that the vessel was put in navigation.

4. On or about November 30, 1964, the plaintiff signed shipping articles for service as Second Engineer on the vessel. Under the articles the crew were required to go on board ready to make the voyage on the day agreed upon, or in the absence of a day agreed upon, on a day appointed by the Master.

■ 5. The benefits of the Jones Act are available only to (1) a "seaman" who has been injured in the course of his employment, or (2) "the personal representative of such seaman," in the event the injuries received resulted in his death. Desper v. Starved Rock Ferry Co., 188 F.2d 177 (7th Cir. 1951), aff'd, 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205 (1952). The Jones Act concept of "seaman" since the passage of the Longshoremen's and Harbor Workers' Compensation Act has been narrowed to the point where it includes only one who is a member of the crew of a vessel plying in navigable waters. The essential and decisive elements of the definition of a "member of a crew" are that the ship be in navigation; that there be a more or less permanent connection with the ship; and that the worker be aboard primarily to aid in navigation. McKie v. Diamond Marine Co. (5th Cir. 1953), 204 F.2d 132; Zientek v. Reading Company (3rd Cir. 1955), 220 F.2d 183; Wilkes v. Mississippi River Sand & Gravel Co. (6th Cir. 1953), 202 F.2d 383; Gahagan Const. Corporation v. Armao (1st. Cir. 1948), 165 F.2d 301.

■ The converse of this proposition is equally clear. It is well settled that a person who sustains injuries aboard a vessel which is withdrawn from navigation is not a seaman within the intendment of the Jones Act. Desper v. Starved Rock Ferry Co., supra; Nelson v. Greene Line Steamers, Inc. (6th Cir. 1958), 255 F.2d 31; Hawn v. American S.S. Co. (2nd Cir. 1939), 107 F.2d 999; Antus v. Interocean S.S. Co., (6th Cir. 1939), 108 F.2d 185.

■■ Under the admitted facts of this case the M/V "FREIGHT FORWARDER" was not a vessel in navigation and the plaintiff was not a "seaman" within the purview of the Jones Act. To be sure, he was a probable navigator in the near future. The law, however, does not cover probable or expectant seamen but seamen in being, and the fact that he expected in the future to be a seaman does not bring him within the meaning of the Act. Frankel v. Bethlehem-Fairfield Shipyard, Inc. (4th Cir. 1942), 132 F.2d 634; Union Carbide Corp. v. Goett (4th Cir. 1958), 256 F.2d 449; Antus v. Interocean S.S. Co., supra; Desper v. Starved Rock Ferry Co., supra; Nelson v. Greene Line Steamers, Inc., supra.

■ Where the facts are undisputed, the question of whether or not a person was a seaman within the meaning of the Jones Act is a question of law which should be determined by the court. Texas Company v. Gianfala, (5th Cir. 1955) 222 F.2d 382; Frankel v. Bethlehem-Fairfield Shipyard, Inc., supra.

From the undisputed facts and the applicable law, the plaintiff was not a "seaman" at the time of his alleged injuries and, therefore, the benefits of the Jones Act are not available to him.

It is therefore ordered, adjudged and decreed that the defendant's motion for summary judgment be and the same is hereby granted; that judgment be and the same is hereby entered on behalf of the defendant and against the plaintiff; that the plaintiff's cause of action be and it hereby is dismissed; that the said plaintiff have and recover nothing by his suit; and that the defendant, Coordinated Caribbean Transport, Inc., go hence without day and recover its costs and charges in its behalf expended, to be hereafter taxed.