**Henry E. RAO, Plaintiff,**

v.

**HILLMAN BARGE & CONSTRUCTION COMPANY, Defendant.**

**Civ. A. No. 68–65.**

United States District Court,
W. D. Pennsylvania.

May 26, 1971.

**1092**

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

David Armstrong, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff was employed as a painter's helper in defendant's shipyard. A barge belonging to United States Steel Company was hauled out of the water for repairs. Plaintiff carried spray paint equipment aboard the beached barge and was injured in removing the cap from the pressurized spray paint tank.

Plaintiff's medical bills were paid by defendant and he was paid compensation under the provisions of the Longshoremen's and Harborworkers' Compensation Act which he accepted. He appears to be one of the class of workers that the Act was intended to cover.

However, plaintiff wished to try for two other bites of the apple for size and filed this suit against his employer seeking the remedies provided for seamen under the Jones Act, as that Act has been applied to those persons temporarily aboard a vessel doing the work of members of the crew at the time of injury, as in Mach v. Pennsylvania R. R. Co., 317 F.2d 761 [3rd Cir.1963]; or in the alternative seeking the remedy for injury due to unseaworthiness of a vessel owing to a longshoreman aboard a vessel as provided in Jackson v. Lykes Bros. S. S. Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 [1966].

The court directed that the issue of plaintiff's status as a seaman be first tried and submitted to the jury. The instructions given by the court on this issue were substantially in accordance with plaintiff's requests, but the jury found that he was not a seaman and the court granted defendant's motion for a directed verdict and dismissed the action.

Plaintiff's motion for new trial advances several reasons:

■ I. Plaintiff objected to the court's exclusion of proffered testimony of plaintiff's duties and activities for his employer at other times and places, apart from the time of his injury, to prove that he was a seaman. The court limited plaintiff's evidence to the activity in which he was engaged at the time of his injury. We believe that evidence of the scope of a plaintiff's general activities is relevant only where it is shown that he is a seaman employed aboard a vessel as a member of the crew as proof that the particular activity which involved his injury was in the course of his duties as a seaman. This is in accordance with Braen v. Pfeifer Oil Transp. Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 [1959], where the plaintiff was admittedly a member of the crew of the vessel concerned and the evidence was introduced to show that even temporary activity not on board the vessel was still in furtherance of his duties as a seaman. Other cases cited by plaintiff show that the evidence admitted all concerned the variety of duties which an admitted member of the crew might undertake as part of his duties as a seaman, even while ashore or otherwise off the vessel. Senko v. La Crosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 [1957].

Mach v. Pennsylvania R. R. Co., 317 F.2d 761 [3rd Cir., 1963] emphasizes that when the plaintiff is not established as a member of the crew of the vessel, then it is necessary to consider his duties aboard the vessel at the time of his injury to establish a basis for a finding that he was a seaman within the meaning of the Jones Act.

In Desper v. Starved Rock Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205 [1951] the plaintiff was established as a seaman and member of the crew of his employer's vessel regularly during its operating seasons; the court said that in relation to the accident in litigation where he was killed by an explosion while painting life preservers aboard a barge in drydock, his regular activities as a seaman during the rest of the year were irrelevant to the question

of his status at the time of his fatal injury.

■ II. Plaintiff also alleges error in the court's refusal to submit the question of unseaworthiness to the jury after the finding that he was not a seaman, arguing that in any event, whether a seaman, a longshoreman, or an industrial worker, under the State Workmen's Compensation Act, he is still entitled to the maritime remedy for injury due to unseaworthiness. We refused this because the only defendant here is his employer, and the defendant was not the owner or charterer of the vessel at the time of the injury. The longshoreman's remedy for unseaworthiness is limited to an action *in rem* against the vessel, or against its owner or charterer. Jackson v. Lykes Bros., S. S. Co., 386 U.S. 731, 87 S.Ct. 1419, 18 L.Ed.2d 488 [1966]; Reed v. The Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 [1963]; Thomas v. Peterson Marine Service, Inc., 411 F.2d 592 [5th Cir. 1969].

■ Nor can we find any authority for allowing plaintiff to assert an unseaworthiness claim against his employer, not the owner of the vessel, by reason of the Pennsylvania Workmen's Compensation Act, which provides an exclusive remedy, both procedural and substantive, for claims of an injured employee against his employer.

III. With reference to plaintiff's charge of prejudice from remarks of defendant's counsel at final argument, we do not have the transcribed record, nor do we recall any remarks that were outside the limits of proper argument, nor any necessity of the court to correct counsel's remarks.

■ IV. Finally, plaintiff complains of defense counsel's cross-examination of plaintiff's "expert" witness. Plaintiff claims that it was improper, but plaintiff really means that it was effective. Certainly an opponent may cross-examine an expert on matters of credibility, interest or bias, and this cross-examination effectively revealed that plaintiff's expert readily permits his name to be affixed to identical reports and opinions in a multitude of cases brought by plaintiff's counsel. The Pennsylvania courts have designated expert opinion as the lowest form of evidence and in this case the description is apt.

While plaintiff complains that the verdict was against the weight of the evidence because the defendant rested upon cross-examination of plaintiff and his witness without producing evidence, plaintiff must remember that the jury must determine its verdict on the preponderance of the credible evidence, and the question of credibility is solely the province of the jury.