Johnny RAMOS, et al.

v.

DELMAR SYSTEMS, INC., et al.

Civ. A. No. 83–0504.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

March 1, 1984.

St. Martin, Lirette & Gaubert, Michael X. St. Martin, Houma, La., for plaintiffs.

Michael S. O'Brien, Lafayette, La., for Aetna in Intervention.

Andrus, Preis & Kraft, Edwin G. Preis, Jr., Lafayette, La., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Frank X. Neuner, Jr., Lafayette, La., for Great Atlantic Ins. Co.

Landry, Watkins & Bonin, Alfred Smith Landry, New Iberia, La., for John J. Toce & Eric V. Toce.

Henderson, Hanemann & Morris, Philip E. Henderson, Houma, La., for Southwest La. Electric Membership Corp.

Drury, Grossel-Rossi & Tabb, William C. Tabb, III, New Orleans, La., for Delmar Systems, Inc. and Aetna Cas. & Sur. Co.

John K. Hill, Jr., PLC, Lafayette, La., for Sherman Scott.

## RULING

SHAW, District Judge.

Now pending before this court is a motion for summary judgment urged by defendants, Delmar Systems, Inc., Aetna Casualty and Surety Company, Great Atlantic Insurance Company and Northeastern Fire Insurance Company. These defendants argue that a summary judgment dismissing the Jones Act and General Maritime Law claims against them should be granted.

The record establishes the following undisputed facts: Johnny Ramos had worked for a number of years in the anchor-handling industry prior to his employment with Delmar, including a stint from 1976 to 1981 with International Mooring & Marine, Inc. He was hired to work for Delmar Offshore, Ltd. and/or Delmar Systems, Inc. in November, 1982. At that point Delmar was a new anchor-handling company which had yet to solicit its first anchor-handling job. The daily activities of the plaintiff included: (1) visits to oil companies to obtain a place on their approved vendor's list and generally to solicit anchor-handling jobs, and/or (2) purchase or preparation of equipment at the Youngsville yard for eventual use offshore by Delmar anchor-handling crews. Whether he was hired to perform offshore anchor-handling duties as a part of his job is a disputed fact. We assume for purposes of this motion that he would have eventually performed anchor-handling duties aboard a vessel or any number of vessels. The plaintiff was seriously injured on January 12, 1983 at the Delmar equipment yard while assisting another employee in moving a large compressor. According to invoices and the depositions of Helveston and Palmature submitted as attachments to the pending motion, Delmar performed its first anchor-handling job subsequent to the occurrence of plaintiff's injuries. The invoice dated January 31 indicates that Delmar began performance of its first anchor-handling job on January 28, 1983. Further, the plaintiff indicated in his deposition that he had no assignment to a vessel, and stated that he would be working aboard the vessel of "whoever called first".

■ The crucial inquiry is whether the plaintiff was a seaman at the time of his injury. As stated in *Desper v. Starved Rock Ferry Co.*, 342 U.S. 187, 191, 72 S.Ct. 216, 218, 96 L.Ed. 205 (1952) the [Jones Act] does not cover probable or expectant seamen but seamen in being. The test in the Fifth Circuit for seaman status under the Jones Act was first established in *Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir.1959). Even allowing the most expansive reading of the *Robison* test this court concludes that there is no reasonable evidentiary basis to support a jury finding that the plaintiff was a seaman and member of a crew of a vessel under the Jones Act. The plaintiff in this case had no pending assignment to a vessel at the time of injury nor had he ever had any assignment to a vessel during the course of his employment for Delmar.

Counsel for plaintiff argues that the decedent's general pattern of employment may be considered by the court in addressing the seaman's status issue citing *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447 (5th Cir.1980) and *Higginbotham v. Mobil Oil Corporation*, 545 F.2d 422 (5th Cir.1977), *rev'd* on other grounds, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). The issue addressed in those two cases, however, is distinguishable. In both cases the question raised was whether the plaintiff had lost the seaman status he had once attained because of a temporary assignment off the vessel. Johnny Ramos was never assigned to any vessel by Delmar, and we conclude never attained seaman's status with regard to Delmar.

■ The fact that plaintiff may have been a seaman with regard to prior employers does not have any definitive effect on

the status of his employment relationship with Delmar. The seamen in *Higginbotham, supra, Guidry, supra,* and *Savoie v. Otto Candies, Inc.,* 692 F.2d 363 (5th Cir.1982), all remained in the employment of the same employer throughout. Both *Guidry,* 614 F.2d at 453 and *Savoie,* 692 F.2d at 365 note that,

"... Higginbotham does not imply that a maritime worker assigned to work ashore for a very long period of time would continue indefinitely to be a seaman merely because it is contemplated that he will some day return to the vessel, *nor that a seaman's status continues if he commences work for another employer.*"

We agree that an employee's status with regard to Employer A is a separate and distinct relationship from, and does not affect his status with regard to Employer B.

The moving defendants have also requested that the court dismiss the general maritime law claims. The record reflects that the plaintiff was injured at an inland equipment yard in Youngsville, Louisiana. The plaintiff has neither locality nor the maritime flavor required to maintain a cause of action under the general maritime law. Accordingly, the general maritime law claims are also dismissed.

The question now arising is whether a jurisdictional basis still exists to maintain this action in federal court. Having addressed the federal question bases of jurisdiction alleged by the plaintiff and having dismissed them, we further find after a review of the pleadings that neither is the action supported by diversity jurisdiction, 28 U.S.C. § 1332. Thus, the court's ruling herein that the Jones Act and general maritime claims be dismissed also eliminates the court's subject matter jurisdiction over this action.

For the foregoing reasons, the defendants' motion for summary judgment to dismiss the Jones Act and general maritime law claims is GRANTED, and further because the court does not have subject matter jurisdiction the entire matter is DISMISSED.

Counsel for movers is ORDERED to submit an appropriate judgment within ten (10) days.