750 F.2d 389
 1985 A.M.C. 2111
 Johnny RAMOS, et al., Plaintiffs-Appellants,
v.
DELMAR SYSTEMS, INC., et al., Defendants-Appellees & 3rd
Party Defendants-Appellees,
v.
John C. TOCE, et al., Defendants-Appellees & 3rd Party
Plaintiffs-Appellants,
v.
SOUTHWEST LOUISIANA ELECTRIC MEMBERSHIP CORPORATION,
Defendant-3rd Party Plaintiff-Appellant.
 No. 84-4193.
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 11, 1985.
 Michael X. St. Martin, Denis J. Gaubert, III, Houma, La., for plaintiffs-appellants.
 Philip E. Henderson, Houma, La., for Southwest La., Elec. Membership corp.
 Drury, Grossel-Rossi & Tabb, William G. Tabb, III, Michael S. O'Brien, Lafayette, La., for defendant-appellee & 3rd party defendant-appellee Delmar Systems, Inc. and appellee Aetna.
 Edwin G. Preis, Jr., Susan A. Daigle, Frank X. Neuner, Jr., Lafayette, La., for appellees Great Atlantic.
 Alfred Smith Landry, New Iberia, La., for defendants-appellees & 3rd party plaintiffs-appellants John C. Toce, et al.
 John K. Hill, Jr., Lafayette, La., for appellee Sherman Scott.
 Appeals from the United States District Court for the Western District of Louisiana.
 Before GEE, JOHNSON and DAVIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Ramos filed this action under the Jones Act, the general maritime law, and the law of Louisiana against Delmar Systems, Inc., (Delmar) and others to recover for severe burns and other injuries he received while in the employ of Delmar. The district court granted Delmar's motion for summary judgment and dismissed this action against Delmar and its insurer on grounds that plaintiff was not a seaman or member of the crew of a vessel as a matter of law. The plaintiff lacked pure diversity against the remaining defendants, and the district court also dismissed those actions with prejudice. We affirm the dismissal of Delmar and its insurers and remand only for entry of a dismissal without prejudice against the other defendants over whom the district court lacked jurisdiction.
 
 
 2
 Accepting the plaintiff's version of the facts for these purposes, they reveal that plaintiff was hired by Delmar in November 1982. For a number of years before he went to work for Delmar, John Ramos worked as a superintendent of anchorhandling crews. This work required him to serve aboard vessels and actively supervise anchorhandling work. Delmar hired Ramos to help organize a new anchorhandling division and once the work started, to act as superintendent of the new division. Between the time he was hired in November 1982 and when he was injured on January 12, 1983, plaintiff was engaged in acquiring and preparing the necessary equipment for anchorhandling work, assembling the staff to perform the work, and making customer contacts to solicit anchorhandling work. Once Delmar began doing anchorhandling work, it was anticipated that plaintiff would supervise the crews aboard vessels where the work was being performed. Plaintiff was injured on January 12, 1983, before Delmar's new anchorhandling division performed any anchorhandling work. Consequently, during the term of John Ramos' employment with Delmar, he had no occasion to perform work aboard any vessel. More important, at the time of his injury, he had not been assigned to work aboard any particular vessel or group of vessels. Ramos was injured in Delmar's equipment yard where he was helping move a compressor with a cherrypicker which apparently contacted a high-power transmission line.
 
 
 3
 As the district court noted, at the time of plaintiff's injury, his employment relationship with his previous employer had been terminated for approximately two months. Since plaintiff's relationship with vessels to which he was assigned by previous employers had terminated, and since he had received no vessel assignment by his new employer, Delmar, the district court was correct in concluding that plaintiff was not a seaman or member of the crew of a vessel as a matter of law. Desper v. Starved Rock Ferry Co., 342 U.S. 187, 191, 72 S.Ct. 216, 218, 96 L.Ed. 205 (1952); Guidry v. South Louisiana Contractors, Inc., 614 F.2d 447 (5th Cir.1980). For the reasons expressed above and those assigned by the district court,[1] the judgment dismissing with prejudice John Ramos' action against Delmar and its insurers under the Jones Act and general maritime law is affirmed. The dismissal of the state law claims against the remaining defendants for lack of jurisdiction should have been without prejudice rather than with prejudice. Accordingly, the dismissal of Ramos' action against all defendants other than Delmar and its insurers, as well as the dismissal of the incidental demands between these parties, are vacated and remanded for entry of dismissals without prejudice as to these claims.
 
 
 4
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 [1]
 596 F.Supp. 1105 (W.D.La.1984)