**Ian JARRETT, Claimant–Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Respondent–Respondent.**

No. 05–71677.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed June 21, 2007.

Sylvia K. Higashi, Robert C. Kessner, Esq., Kessner Duca Umebayashi Bain & Matsunaga, Jay Lawrence Friedheim, Esq., Honolulu, HI, for Claimant–Petitioner.

Thomas Shepherd, Clerk of the Board, Benefits Review Board U.S. Dept. of Labor, Carol A. Dedeo, Associate Solicitor, Matthew T. Boyle, Esq., U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Respondent–Respondent.

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Ian Jarrett petitions for review of a decision of the Department of Labor's Benefits Review Board ("BRB") affirming the administrative law judge's ("ALJ") determination that he is not eligible for compensation under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). We grant the petition and remand for an award of benefits.

Because the facts are familiar to the parties, we do not repeat them here except as necessary to explain our reasoning. The sole question presented on review is whether, for purposes of compensation for a December 17, 1999 injury, Jarrett should

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

be considered a land-based "employee" covered by the LHWCA, 33 U.S.C. § 902(3), or a "seaman" covered by the Jones Act, 46 U.S.C. § 30104(a) (formerly 46 U.S.C. § 688(a)).

The BRB "accept[s] the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence." *Alcala v. Dir., OWCP*, 141 F.3d 942, 944 (9th Cir.1998). We in turn "review the [BRB's] decision for errors of law and adherence to the substantial evidence standard...." *Id.* (internal quotation marks omitted).

The LHWCA provides no-fault workers' compensation to "employee[s]" "engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, ship-builder, and ship-breaker." 33 U.S.C. § 902(3). The LHWCA expressly excludes recovery by "a master or member of a crew of any vessel." *Id.* § 902(3)(G). Such individuals are instead covered under the Jones Act, which provides no-fault workers' compensation to injured "seam[e]n." 46 U.S.C. § 30104(a); *see also McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 353–55, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991) (explaining relationship between LHWCA and Jones Act).

The Supreme Court has formulated a two-part test to determine whether a worker is excluded from LHWCA coverage as "a master or member of a crew of any vessel." *See id.* at 347, 111 S.Ct. 807; *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). First, "an employee's duties must contribut[e] to the function of the vessel or to the accomplishment of its mission." *Chandris*, 515 U.S. at 368, 115 S.Ct. 2172 (quoting *Wilander*, 498 U.S. at 355, 111 S.Ct. 807) (internal quotation marks omitted; alteration in original). Second, "and most

important," the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Id.*

Because Jarrett does not dispute that his work contributed to the function of a vessel, we move to the second part of the test. It is undisputed that during the time he worked for Navatek, Ltd., between 1996 and 2000, as a ship maintenance person—a job specifically enumerated in the LHWCA, 33 U.S.C. § 902(3)—Jarrett spent only a few months, directly prior to his accident, working on board a vessel. Although during those few months Jarrett spent a large percentage of his time at sea, the overall pattern of his work simply does not show that he had a connection to a vessel in navigation sufficiently substantial in duration and nature to take him outside the coverage of the LHWCA. *See Chandris*, 515 U.S. at 370–71, 115 S.Ct. 2172.

The Supreme Court has recognized that a formerly land-based worker may be considered "a master or member of a crew" based upon only a short duration at sea if his or her "basic assignment [has] change[d]." *Id.* at 372, 115 S.Ct. 2172. Although there is some evidence that Jarrett, and Navatek, hoped he would eventually transition to a position as a deck hand or assistant engineer on board a vessel, the LHWCA does not exclude "probable or expectant seamen but seamen in being." *Heise v. Fishing Co. of Alaska, Inc.*, 79 F.3d 903, 907 (9th Cir.1996) (quoting *Desper v. Starved Rock Ferry Co.*, 342 U.S. 187, 191, 72 S.Ct. 216, 96 L.Ed. 205 (1952)). Given the absence of substantial evidence showing that Jarrett's job fundamentally changed in the months directly prior to his accident, we must conclude that he continued to be covered by the LHWCA. Therefore, we grant the petition and re-

mand for an award of benefits under that act.

PETITION GRANTED; REMANDED.