# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-41343

LANCE CAMPBELL

Plaintiff-Appellant

v.

ROYAL CARIBBEAN CRUISES LTD

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. G-08-0117

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lance Campbell ("Campbell") is a ballet dancer. Royal Caribbean Cruises, Ltd. ("Royal Caribbean") hired Campbell to perform on its cruise ship, the Radiance of the Seas. Before embarking, Campbell participated in on-shore rehearsals for his performances on the cruise. He suffered injuries during one of these rehearsals. The sole question on appeal is whether Campbell qualifies as a "seaman" under the Jones Act, 46 U.S.C. § 30104, given that he had not yet begun his journey on the ship. Based on Supreme Court and Fifth Circuit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

precedent, we AFFIRM the district court's ruling that Campbell does not qualify as a seaman.

The Supreme Court in *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995), fashioned a two-part test to determine if an employee is a "seaman" and therefore can bring a Jones Act claim. First, "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." *Id.* (alterations and internal quotation marks omitted). The Court emphasized that this is a "very broad" threshold requirement: "All who work at sea in the service of a ship are *eligible* for seaman status." *Id.* (internal quotation marks omitted). Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Id.* The Court clarified that a seaman's connection to a vessel must be substantial in both respects. *Id.* at 370.

> The duration of a worker's connection to a vessel and the nature of the worker's activities, taken together, determine whether a maritime employee is a seaman because the ultimate inquiry is whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time.

*Id.*

In *Desper v. Starved Rock Ferry Co.*, 342 U.S. 187 (1952), the Court concluded that a worker who suffered injuries while completing land-based work in preparation for placing boats in the water and serving as a boat operator was not a seaman. The Court noted that the employee "was a probable navigator in the near future, but *the law does not cover probable or expectant seamen but seamen in being*." *Id.* at 191 (emphasis added).

In *Ramos v. Delmar Systems, Inc.*, 750 F.2d 389, 390 (5th Cir. 1985) (per curiam), we held that an employee who suffered an injury before the employer actually assigned him to a particular vessel or group of vessels was not a

seaman. More recently, we ruled that a "land-based employee who is permanently assigned to work in the service of a vessel but who spends only 10% of his time working aboard the vessel" is not a seaman. *Nunez v. B&B Dredging, Inc.*, 288 F.3d 271, 273 (5th Cir. 2002).

In light of these precedents, we decline Campbell's invitation to expand Jones Act coverage to those who simply *intend* to serve as a seaman. Campbell has not shown that he had "a connection to a vessel in navigation (or an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Chandris*, 515 U.S. at 376. Campbell never embarked on any vessel. Although he *intended* to spend seven months on the cruise as an entertainer, he did not in fact do so. *See Nunez*, 288 F.3d at 276 (noting that a worker must spend at least some time aboard the vessel to qualify as a seaman). As the Supreme Court stated, "the law does not cover probable or expectant seamen but seamen in being." *Desper*, 342 U.S. at 191. Until Campbell actually embarked on the cruise to perform his ballet, he was a land-based worker. Accordingly, the district court correctly concluded that Campbell was not a seaman and properly granted summary judgment to Royal Caribbean.

AFFIRMED.