Jimmy HODGES, Plaintiff-Appellant,

v.

S. S. TILLIE LYKES and Lykes Brothers, Inc., Defendants-Third-Party Plaintiffs-Appellees,

v.

DIXIE MACHINE WELDING & METAL WORKS, INC., Third-Party Defendants.

No. 74–1518.

United States Court of Appeals, Fifth Circuit.

May 14, 1975.

John R. Martzell, Ronald Tanet, New Orleans, La., for plaintiff-appellant.

Andrew T. Martinez, New Orleans, La., for Lykes Bros. S.S. Co.

Donald L. King, Edward J. Koehl, Jr., New Orleans, La., for Dixie Machine.

Before GEWIN, DYER and ADAMS,[*] Circuit Judges.

PER CURIAM:

Hodges, a shore-based employee of Dixie Machine Welding and Metal Works, Inc., instituted this action against Lykes Brothers Steamship Co. and its vessel, the S.S. Tillie Lykes, to recover damages for personal injuries sustained during repair operations aboard ship.

Based on the pleadings, depositions, affidavits and oral argument of counsel, the district court granted summary judgment in favor of the defendant. Hodges now contends that such disposition was improper, because the dual questions whether the Tillie Lykes was in navigation and whether Lykes Brothers was negligent should have been submitted to the trier of fact. We disagree and therefore affirm the district court's grant of summary judgment.

The facts underlying the cause of action are not in dispute. The Tillie Lykes underwent an extensive overhaul that lasted seventy-seven days. Dixie Machine was the primary contractor in charge of refurbishing the ship for its five-year special survey required by the American Bureau of Shipping, though other off-shore contractors performed some repairs. The crew of the Tillie Lykes was discharged during these operations, and only a few Lykes personnel remained aboard to watch the ship and provide access to various parts of the vessel. They had no supervisory power over the employees of Dixie Machine, who performed both structural changes and regular maintenance. At the time appellant allegedly slipped on sandblasting debris, there were no Lykes person-nel on board. The Tillie Lykes did not move under its own power during these operations, but had to be towed by tug from one drydock to another. The total cost of repairs incurred by Lykes Brothers was $660,145.

If a vessel is not in navigation, the owner owes no duty of seaworthiness to seamen or those enjoying Sieracki seaman status. Roper v. United States, 368 U.S. 20, 82 S.Ct. 5, 7 L.Ed.2d 1 (1961); West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959); see Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). In determining the status of the vessel, inquiry should focus on the extent of repair operations and on who controls those operations. Erwin v. Lykes Brothers Steamship Co., 472 F.2d 1217 (5th Cir. 1973). We conclude that the district court was justified in ruling that the Tillie Lykes was out of navigation. Unlike Waganer v. Sea Land Service, Inc., 486 F.2d 955 (5th Cir. 1973), there is no dispute here concerning the extent of repairs or who had control of the vessel.

Similarly, Hodges has demonstrated no dispute over the facts concerning control for purposes of assessing Lykes Brothers' negligence. All the evidence indicates the owner relinquished control of the ship to the off-shore contractors. The instrumentalities that caused appellant's claimed injuries—sand and gravel from sandblasting and a misplaced ladder—were put there by the contractor and were not under the control of the owner in any way. See West v. United States, supra.

When the record thus lacks any dispute over material facts, this court has approved summary judgment treatment in maritime cases. Johnson v. Oil Transport Co., 440 F.2d 109 (5th Cir. 1971). The district court properly held as a matter of law that the Tillie Lykes was removed from navigation and that Lykes Brothers was not negligent.

Affirmed.

---

[*] Of the Third Circuit, sitting by designation.