Floyd Leon WIXOM, Jr.,
Plaintiff-Appellant,

v.

BOLAND MARINE AND MANUFAC-
TURING COMPANY, INC. and the
Travelers Insurance Company, Defend-
ants-Appellees.

No. 79–3121
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 31, 1980.

David Band, Jr., New Orleans, La., for plaintiff-appellant.

Edward J. Koehl, Jr., New Orleans, La., for defendants-appellees.

Before GODBOLD, REAVLEY and AN-DERSON, Circuit Judges.

GODBOLD, Circuit Judge:

Wixom brought this suit against his employer, Boland Marine & Manufacturing Company, invoking general maritime jurisdiction. He alleges that on March 5, 1976,

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

he fell to the deck of the U.S.S. KING from the scaffold on which he was working and sustained serious injuries. He claims general damages under both the Jones Act[1] and the doctrine of unseaworthiness, and also maintenance and cure. The district court granted Boland's motion for summary judgment because, under the material undisputed facts, the vessel on which Wixom was working was not in navigation and he was not a member of the vessel's crew contributing to its mission or the accomplishment of the vessel's function. Wixom appealed. We affirm.

■ Only "seamen" can recover damages under the Jones Act. This court has previously set forth a three-part test for "seaman" status, one requirement of which is that the vessel must have been "in navigation" at the time the claimant was injured. *Williams v. Avondale Shipyards, Inc.*, 452 F.2d 955, 958 (5th Cir. 1971); *Bodden v. Coordinated Caribbean Transport, Inc.*, 369 F.2d 273, 274 (5th Cir. 1966). In determining whether a ship under repair is still in navigation, the court should look at the extent and nature of the repair operations and who controls them. *Warner v. Fish Meal Co.*, 548 F.2d 1193, 1193–94 (5th Cir. 1977); *Hodges v. S.S. Tillie Lykes*, 512 F.2d 1279, 1280 (5th Cir. 1975); *Erwin v. Lykes Brothers Steamship Co.*, 472 F.2d 1217, 1219 (5th Cir. 1973); *see West v. U. S.*, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161 (1959).

■ Here, Boland accepted custody of the U.S.S. KING on April 24, 1974, and did not return the ship to the Navy until March 8, 1977, almost three years later. During this period the ship's captain and crew were not aboard the vessel, and responsibility for the ship was vested entirely in Boland. The work performed on the vessel included major structural changes such as the addition of a section to the deckhouse and of a forward mast. The bill for repair exceed 25 million dollars. For at least some of the time, the ship's engine and propellers were inoperable. On these facts, the district court was entitled to conclude that, at the time of Wixom's fall, the U.S.S. KING was not "in navigation" as a matter of law. *Compare Hodges, supra, with Waganer v. Sea-Land Service, Inc.*, 486 F.2d 955, 958–59 (5th Cir. 1973).

Wixom claims that because 90% of his past employment had taken place on ships that were clearly in navigation, he was a seaman for purposes of Jones Act coverage even if the U.S.S. KING was not itself in navigation. The appellant has not cited cases that support his position and we find none. The appellant's argument that he should be covered because the Jones Act is meant to be read expansively is not persuasive.

■ Wixom's claims under unseaworthiness and for maintenance and cure fail because these two remedies traditionally run against the shipowner and the ship, *see Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); *Aguilar v. Standard Oil Co. of New Jersey*, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107 (1943), and even if a ship repairer could be liable, recovery could be obtained only if the ship was "in navigation" at the time of the claimant's injury. *See Roper v. U. S.*, 368 U.S. 20, 82 S.Ct. 5, 7 L.Ed.2d 1 (1961); *Hodges, supra; Williams, supra; Erwin, supra.*

AFFIRMED.

---

1. 46 U.S.C. § 688 (1976).