Michael James ARDOIN,
Plaintiff-Appellant,

v.

J. RAY McDERMOTT & COMPANY,
INC. and XYZ Insurance Company,
Defendants-Appellees.

No. 81–3796
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1982.

Samanie & Barnes, Michael J. Samanie, Houma, La., for plaintiff-appellant.

John T. Nesser, III, Trial Atty., Joseph W. Looney, New Orleans, La., for defendants-appellees.

Before GEE, RUBIN and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Before us is a case arising under the Jones Act, 46 U.S.C. § 688, in which the jury returned a verdict for the defendant employer, and the plaintiff, Michael Ardoin, now appeals. Because this case has been to this Court once before, *Ardoin v. J. Ray McDermott & Co.*, 641 F.2d 277 (5th Cir. 1981) (reversing summary judgment for the defendant employer), we only briefly recite the facts.

Michael Ardoin was employed as an offshore welder on J. Ray McDermott & Co.'s (McDermott) vessel Derrick Barge No. Eight. The work of the barge was to construct offshore oil platforms. In December 1976, Ardoin allegedly injured his back while lifting a pad eye to position it for welding. Ardoin filed this suit contending that McDermott was negligent in failing to have tools easily available to help lift the pad eye more efficiently.

In response to special interrogatories, the jury found that McDermott was not liable for Ardoin's injuries. Ardoin raises three points of error on appeal. Finding them all without merit, we affirm the judgment below.

Ardoin first argues that the district court permitted McDermott to lead certain witnesses excessively. The witnesses were employees of McDermott whom Ardoin had called as part of his case-in-chief. McDermott's counsel took these witnesses on cross-examination and handled the witnesses as cross-examiners are wont to do. Ardoin contends that because these witnesses were friendly to McDermott, the district court should not have countenanced leading questions on McDermott's cross-examination.

Federal Rule of Evidence 611 sets forth the general rule that "[o]rdinarily leading questions should be permitted on cross-examination." The rule is not intended to be a blanket endorsement of leading questions on cross-examination, however. The advisory committee notes make clear that "[t]he qualification 'ordinarily' is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the 'cross-examination' of a party by his own counsel after being called by the opponent (savoring more of re-direct) ...." A trial court therefore has power to require a party cross-examining a friendly witness to employ non-leading questions. The decision whether to do so, however, lies within the district court's discretion. *See, e.g., Morvant v. Construction Aggregates Corporation*, 570 F.2d 626 (6th Cir. 1978), *cert. dismissed*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978). In *Morvant*, the court explicitly rejected the notion that an employer cross-examining his own employees need use nonleading questions. On careful examination of the record, we find no abuse of discretion here and cannot accept Ardoin's argument.

Ardoin's second point of error is that the interrogatories to the jury failed to reflect accurately the lenient standard of liability for an employer under the Jones Act. Special Interrogatory No. Two asks the jury:

Do you find from a preponderance of the evidence that the defendant, J. Ray McDermott & Co., Inc., was negligent under the Jones Act in the manner alleged by the plaintiff, Michael James Ardoin, and that such negligence was a legal cause of the injury to the plaintiff?

Standing alone, this question does not apprise the jury of the Jones Act standard of negligence and causation. The trial court's instruction to the jury, however, amply

filled this gap.[1] There is no necessity for special interrogatories to spell out every element of a cause of action. *See Miley v. Oppenheimer & Co.*, 637 F.2d 318, 334 (5th Cir. 1981). The trial judge had broad discretion to frame special issues. *See Central Progressive Bank v. Firemen's Insurance Co.*, 658 F.2d 377 (5th Cir. 1981). The jury was charged correctly on the law, and the omission of an explicit definition of liability under the Jones Act from a special interrogatory does not constitute reversible error.

Ardoin's final point of error raises a sufficiency of the evidence question. During its deliberations, the jury sent a question to the judge as to the date of Ardoin's consultation with a chiropractor. Seizing on this question, Ardoin argues the jury must have found both that McDermott was negligent and that the negligence was at least a partial cause of Ardoin's injuries because otherwise the jury need not have considered the issue of medical causation. Proceeding on this hypothesis, Ardoin argues that there was no evidence that the injuries suffered by Ardoin while working for McDermott were not the medical cause of his back problems. We cannot accept the premises or the conclusion of this argument.

Ardoin's attempt by logic to peer into the jury room during its deliberations is highly tenuous, at very best. No inferences can be drawn about the jury's views as to McDermott's liability merely because the jury asked a question bearing on medical causation. We do not share in the least Ardoin's assurance that all issues had been resolved in his favor before the jury turned to the issue of medical causation. But even if we did join Ardoin in reducing the case to the one issue of medical causation, the evidence was not so clear as to require the trial judge to take that issue from the jury. There was evidence both that Ardoin had a prior history of back trouble before the events of December 1976, and that he suffered a fall causing him injuries after December 1976. This evidence would have been sufficient to support an inference by the jury that the events of December 1976, were not the cause of Ardoin's back trouble.

In sum, no procedural or substantive irregularity occurred during this trial to require us to upset the verdict of the jury for McDermott. The judgment of the court below is

AFFIRMED.

1. The court instructed the jury:

For purposes of this action, negligence is a "legal cause" of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. So, if you should find from a preponderance of the evidence in this case that any negligence of the defendant contributed in any way toward any injury or damages suffered by the plaintiff, you may find that the injury or damage was legally caused by the defendant's act or omission. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if the other cause occurs at the same time as the negligence and if the negligence played any part, no matter how small, in causing such damage.