MARK W. SNELLING, Plaintiff-Appellant, *v.* ELMER LOGSDON RIVER CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

Fifth District  No. 83—3

Opinion filed November 17, 1983.

Robert J. Hillebrand, of Belleville, for appellant.

Edward J. Szewczyk, of Donovan, Hatch & Constance, P.C., of Belleville, for appellee Elmer Logsdon River Construction Company.

Goldstein and Price and Daryl F. Sohn, both of St. Louis, Missouri, for appellee ContiCarriers and Terminals, Inc.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Mark W. Snelling, appeals from the judgment of the circuit court of St. Clair County granting defendants' motions for summary judgment in an action for personal injury brought pursuant to the Merchant Marine Act of 1920 (46 U.S.C. sec. 688 (1976)), commonly known as the Jones Act, and the general maritime law.

The following factual account is substantially based on plaintiff's deposition testimony filed as part of the record on appeal. The sole question is whether the trial court erred in finding that there are no issues of material fact for a jury to decide on the issue of plaintiff's status as a seaman.

Snelling was injured on March 1, 1978, while employed by defendant, Elmer Logsdon River Construction Company (Logsdon) on the Illinois River near Beardstown. He was a member of a three-man crew assigned to sweep and clean out barges owned by defendant Conti-Carriers and Terminals, Inc. (ContiCarriers). While climbing a ladder to leave the cargo compartment of a cleaned barge, plaintiff fell from the ladder to the bottom of the compartment and sustained injuries. Plaintiff's third amended complaint alleged that Logsdon was negligent in failing to provide him with a safe place to work and sought to invoke the provisions of the Jones Act. The complaint also sought recovery against ContiCarriers under general maritime law for alleged unseaworthiness of the vessel.

As against each defendant a finding of liability is possible only if plaintiff was a "seaman" at the time of his alleged injury. The question as to whether an individual is a "seaman" depends largely on the facts of the particular case and the activity in which that individual was engaged at the time of his injury. (*Desper v. Starved Rock Ferry Co.* (1952), 342 U.S. 187, 96 L. Ed. 205, 72 S. Ct. 216.) The trial court found that the plaintiff was not a seaman and therefore could not benefit from the provisions of the Jones Act and further that plaintiff could not bring a cause of action against either defendant for breach of the warranty of seaworthiness. We affirm.

Logsdon operates a harbor service, fleeting, short haul towing, lock assistance and barge cleaning operation on the Illinois River near Beardstown. As part of its barge cleaning service, Logsdon contracts with river carriers to sweep and clean out residual cargo from the bottom of their off-loaded barges.

Plaintiff's deposition established that at sometime prior to the

middle of September 1977, he made a "verbal application" to one of Logsdon's secretaries for a position as a deck hand on one of Logsdon's tugboats. He testified, "At the time I applied for river work I had no river work—no river experience." No written application was filed, nor did anyone at Logsdon notify him or gather more information regarding his interest in becoming a deck hand for Logsdon's operations.

Meanwhile in mid-September 1977, plaintiff began employment as a deck hand and oiler for a company named Material Service. He had no further contact with Logsdon, other than "just shooting the bull" with friends there, until just before March 1, 1978, when he received a call from Logsdon requesting his services beginning March 1, 1978. Snelling reported to work at Logsdon's office at approximately 7 a.m. on March 1, 1978. There, he first received instructions about the nature of his duties from the dispatcher. He testified that he was assigned to sweep and clean out the bottom of the off-loaded barges. When asked to describe the job he had by title or duties, plaintiff responded, "barge cleaner." Also, although he had no prior experience in that capacity, he was put in charge of the three-man barge cleaning crew. Plaintiff apparently was given information from someone at Logsdon sufficient for him to conclude that his employment would be sporadic. He stated that the arrangement was for Logsdon to call "when he needed me." At that time he was still regularly employed by Material Service but was in a period of 21 days off-duty between periods of 21 days on-duty that his schedule required.

Snelling and his two fellow barge cleaners were transported from Logsdon's office area to barge No. CNC220B, owned by defendant ContiCarriers, via the motor vessel *Sprigg*, owned and operated by Logsdon. The cleaners had been at work cleaning No. CNC220B for about 2½ hours when plaintiff fell from the ladder while leaving the cargo hold. The cleaning of that barge had been completed and the three-man team was preparing to wait for the *Sprigg* and, in the words of the plaintiff, "go, I guess, to another barge [,] I don't know."

■ Snelling returned to work at Logsdon after a six-month medical leave and worked as a deck hand for three days. He quit working after realizing he was unable to continue because of his injury.

"In deciding whether a plaintiff's status as a seaman presented a jury question, the authorities under the Jones Act have been virtually unanimous in applying the following three-part test to various sets of facts: (1) that the plaintiff was injured upon a vessel in navigation, (2) that the plaintiff was

aboard that vessel primarily to aid in navigation, and (3) that the plaintiff had a more or less permanent connection with that vessel or with a specific group or fleet of vessels. [Citations.]" (*Berry v. American Commercial Barge Lines* (1983), 114 Ill. App. 3d 354, 359, 450 N.E.2d 436, 440.)

We agree with plaintiff's statement in his reply brief that he had no permanent connection with any ContiCarrier barge or fleet of barges at the time of his injuries. Hence, it would appear that one of the essential elements of the established test is not satisfied. But plaintiff argues that he was a seaman by virtue of the fact that he was hired as a seaman initially and that his duties on the first day of employment just happened to include a temporary assignment as a barge cleaner. Under such circumstances, the plaintiff would be assigned to all the vessels in the Logsdon fleet in the same manner as he was when he returned to employment as a deck hand, six months later. Plaintiff's affidavit purports to support this argument by stating that Logsdon "makes no division of duties among his employees to do seaman duties as well as other duties."

■■ ■ Plaintiff's argument in this respect cannot be sustained. The question concerns his duties and permanency at the time of his accident. The law covers only seamen in being, not probable or expectant seamen. (*Desper v. Starved Rock Ferry Co.* (1952), 342 U.S. 187, 96 L. Ed. 205, 72 S. Ct. 216.) "This means that the employee must be a seaman at the time his claim arises; the fact that he was once a seaman and that either he or his employer intend some day for him again to become one do not suffice to tint with blue water status all the events that happen in between ***." (*Guidry v. South Louisiana Contractors, Inc.* (5th Cir. 1980), 614 F.2d 447, 453.) Plaintiff testified that he had no permanent assignment to work on the *Sprigg* and that he was simply on that vessel in order to get to and from the office and ContiCarrier's barge. In fact, he had no assignment at all. His deposition clearly shows that he was not a deck hand. He was employed only as an "as needed" barge cleaner and then only when he was otherwise available in a period of 21 days off from Material Service.

■ We conclude that there is nothing in the record to support a finding that Snelling had a permanent connection with Logsdon's vessels. "Whether a person is a seaman is normally a question of fact for the trier, but the issue may be resolved by summary judgment where the undisputed material facts establish as a matter of law that an individual is not a Jones Act seaman." (*Jones v. Mississippi River Grain Elevator Co.* (5th Cir. 1983), 703 F.2d 108, 109.) Here the

underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences. Therefore, this question should be answered as a matter of law. (*Berry v. American Commercial Barge Lines* (1983), 114 Ill. App. 3d 354, 450 N.E.2d 436; *Ardoin v. J. Ray McDermott & Co.* (5th Cir. 1981), 641 F.2d 277, *appeal after remand* (5th Cir. 1982), 684 F.2d 335.) Snelling was a casual worker whose duties included work of a nature that seamen might perform, but his performance of those duties did not make him a Jones Act seaman.

Affirmed.

HARRISON, P.J., and JONES, J., concur.