McRAE, Justice,
specially concurring:
While I concur with the majority's opinion, I am troubled by the reliance in Section II A on Morvant v. Constr. Aggregates Corp., 570 F.2d 626, 636 (6th Cir.1978). The language quoted from that case sends a confusing signal to the lower courts, seemingly at odds with the majority’s conclusion that the court’s failure to provide a reason for allowing Ferguson’s attorney to ask Charlie Doyle, who drove his employer’s gravel truck in the fatal collision, lead *880 ing questions on cross-examination while he was testifying as an adverse witness for the plaintiff amounted to an abuse of discretion. As also noted in Morvant;
The right of a cross-examiner to employ leading questions is not absolute under Rule 611(c). If the witness is friendly to the examiner, there is the same danger of suggestiveness as on direct; and consequently the court may, in its discretion, forbid the use of leading questions. 3 Weinstein’s Evidence ¶1 611[05] at 611-59.
570 F.2d 626, 635, fn. 12.
In Ardoin v. J. Ray McDermott & Co. Inc., 684 F.2d 335 (5th Cir.1982), where the Fifth Circuit found that the district court had not permitted “excessive” cross-examination of employees of McDermott called as adverse witnesses during the plaintiff’s case-in-chief, the Court explained that:
Federal Rule of Evidence 611 sets forth the general rule that “[o]rdinarily leading questions should be permitted on cross-examination.” The rule is not intended to be a blanket endorsement of leading questions on cross-examination, however. The advisory committee notes make clear that “[t]he qualification ‘ordinarily’ is to furnish a basis for denying the use of leading questions when the cross-examination is cross-examination in form only and not in fact, as for example the ‘cross-examination’ of a party by his own counsel after being called by the opponent (savoring more of redirect) .... ” A trial court therefore has power to require a party cross-examining a friendly witness to employ non-leading questions. The decision whether to do so, however, lies within the district court’s discretion, (emphasis added)
I think that the language of Ardoin more aptly communicates the intent of the majority to follow the command of Rule 611. A witness that is closely identified with one side cannot be cross-examined by the attorney for that party unless some compelling reason is shown. As the majority points out, no such reason was given. Doyle’s testimony in the case sub judice, in my opinion, epitomizes the notion of cross-examination in form only and not in fact. To allow leading questions when the adverse witness is also the principal witness for his employer contravenes the Fifth Circuit’s cautionary words that Rule 611 does not provide a “blanket endorsement” of the practice.
DAN M. LEE, P.J., and ROBERTS, J., join this opinion.